## 20290. FURST & THOMAS *v.* MURRAY.

DECIDED APRIL 15, 1930.

*T. Glenn Dorough,* for plaintiffs.

*S. F. Memory, W. G. Thomas,* for defendant.

LUKE, J. Furst & Thomas, a partnership composed of Frank E. Furst and Fred G. Thomas, brought an action upon a contract of guaranty signed by J. B. Murray and J. P. Smith. J. B. Murray demurred to the petition and moved to dismiss it, upon the ground that the action was barred by the statute of limitations. The court sustained the demurrer and motion to dismiss, and dismissed the petition. The question for determination is whether the ruling was correct.

Paragraph 3 of the petition as amended alleges that on or about November 26, 1917, plaintiff and defendants and E. A. Cercy entered into a written contract whereby the defendants became guarantors for Cercy and guaranteed to pay plaintiff, within three months from the termination of the contract, any indebtedness that Cercy should owe plaintiff.

Paragraph 4 of the petition reads: "Pursuant to the terms and conditions of said contract, plaintiffs sold and delivered to said E. A. Cercy its goods, wares, and merchandise *during the period covered by said contract, to wit: from the 1st day of December, 1917, to the 19th day of October, 1921* (italics ours), to the value of $5,978.53, and the said E. A. Cercy, on the goods, wares, and merchandise so purchased of plaintiff from time to time during the continuance of said contract, paid the sum of $3,784.77, leaving a balance due at the termination of said contract of $2,193.76." The contract contains this provision: "Either party shall have the right to terminate this contract by giving written notice to the opposite party; provided that if the sale or purchase of goods under this contract be permanently discontinued for any reason, it is thereby terminated, and upon its termination from any cause by either party the 'salesman' agrees to settle within three months the balance due said Furst and Thomas on account." The contract

is not under seal, and the question is whether six years elapsed between the time the right of action accrued and the time the action was brought.

The petition was filed February 23, 1928. Paragraph 6 of the petition alleges that plaintiff "complied with the terms of said written contract . . in every particular, and that said contract remained of force and was not terminated until the 1st day of March, 1922, and no right of action accrued against defendant guarantors . . until the 1st day of March, 1922." By amendment the following paragraph was added to the petition: "Petitioner shows that on the 29th day of November, 1921, they gave notice in writing to A. E. Cercy, J. P. Smith and J. B. Murray, terminating the contract, and that by said notice in writing the contract was terminated as is provided by its terms and conditions on said date." On the back of the contract appears this entry: "Terminated Nov. 29, 1921."

Of course the defendant is not bound by the foregoing unsigned entry. Under the terms of the contract, it could be terminated by written notice, but it could not have been terminated on both March 1, 1922, and November 29, 1921. In this situation, and in the light of the rule that the petition must be construed most strongly against the pleader, we are constrained to hold that the plaintiff is bound by his allegation in paragraph 4 of the petition. That allegation was italicised, in order to avoid repetition. Then, under the terms of the contract, the right of action accrued three months from October 19, 1921. Since the petition was not filed until February 23, 1928, and the right of action accrued January 19, 1922, the action was barred by the statute of limitations, and the court correctly so held. In this connection we quote from *Krueger* v. *MacDougald,* 148 *Ga.* 429 (1) (96 S. E. 867), the following rule: "It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties."

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*